PER CURIAM.
Pursuant to the procedures approved by this Court in Amendments to the Florida Family Law Rules of Procedure and Family Law Forms, 810 So.2d 1, 13-14 (Fla.2000), this Court has internally reviewed the Florida Supreme Court Approved Family Law Forms and has determined that revisions to several forms should be made in light of the enactment of section 732.703, Florida Statutes (2012), entitled “Effect of divorce, dissolution, or invalidity of marriage on disposition of certain assets at death.” We have jurisdiction. See art. V, § 2(a), Fla. Const.
In pertinent part, this new statute provides:
A designation made by or on behalf of the decedent providing for the payment or transfer at death of an interest in an asset to or for the benefit of the decedent’s former spouse is void as of the time the decedent’s marriage was judicially dissolved or declared invalid by court order prior to the decedent’s death, if the designation was made prior to the dissolution or court order. The decedent’s interest in the asset shall pass as if the decedent’s former spouse predeceased the decedent.
§ 732.703(2), Fla. Stat. (2012). The statute applies only to specific kinds of assets and does not apply under certain circumstances set forth in the statute. See § 732.703(3)-(4), Fla. Stat. (2012). Forms 12.902(f)(1) and 12.902(f)(2), the marital settlement agreement forms, and forms 12.990(c)(1) and 12.990(c)(2), the final judg *321 ment of dissolution of marriage forms, are amended to recognize certain instances where the statute does not apply and enable a designation of beneficiary to survive the dissolution of marriage as permissible under the statute. A paragraph is also added to the Glossary of the General Instructions for Self-Represented Litigants briefly explaining “Beneficiary Designation.” [1]
The amended forms are adopted as set forth in the appendix to this opinion, fully engrossed, effective for immediate use. The forms may also be accessed and downloaded from the Florida State Courts website at www.flcourts.org/gen_public/family/ forms_rules/index.shtml. By adoption of the amended forms, we express no opinion as to their correctness or applicability. We also direct that the amended forms be published for comment.[2] Interested persons shall have sixty days from the date of this opinion to file comments with the Court.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX ■
FAMILY LAW FORMS, COMMENTARY, AND INSTRUCTIONS GENERAL INFORMATION FOR SELF-REPRESENTED LITIGANTS (09/13)
You should read this General Information thoroughly before taking any other steps to file your case or represent yourself in court. Most of this information is not repeated in the attached forms. This information should provide you with an overview of the court system, its participants, and its processes. It should be useful whether you want to represent yourself in a pending matter or have a better understanding of the way family court works. This is not intended as a substitute for legal advice from an attorney. Each case has its own particular set of circumstances, and an attorney may advise you of what is best for you in your individual situation.
These instructions are not the only place that you can get information about how a family ease works. You may want to look at other books for more help. The Florida Statutes, Florida Family Law Rules of Procedure, Florida Rules of Civil Procedure, and other legal information or books may be found at the public library or in a law library at your county courthouse or a law school in your area. If you are filing a *322 petition for Name Change and/or Adoption, these instructions may not apply.
If the word(s) is printed in bold, this means that the word is being emphasized. Throughout these instructions, you will also find words printed in bold and underlined. This means that the definitions of these words may be found in the glossary of common family law terms at the end of this general information section.
Commentary
1995 Adoption. To help the many people in family law court cases who do not have attorneys to represent them (pro se litigants), the Florida Supreme Court added these simplified forms and directions to the Florida Family Law Rules of Procedure. The directions refer to the Florida Family Law Rules of Procedure or the Florida Rules of Civil Procedure. Many of the forms were adapted from the forms accompanying the Florida Rules of Civil Procedure. Practitioners should refer to the committee notes for those forms for rule history.
The forms were adopted by the Court pursuant to Family Law Rules of Procedure, 667 So.2d 202 (Fla.1996); In re Petition for Approval of Forms Pursuant to Rule 10-1.1(b) of the Rules Regulating the Florida Bar — Stepparent Adoption Forms, 613 So.2d 900 (Fla.1992); Rules Regulating the Florida Bar—Approval of Forms, 581 So.2d 902 (Fla.1991).
Although the forms are part of these rules, they are not all-inclusive, and additional forms, as necessary, should be taken from the Florida Rules of Civil Procedure as provided in Florida Family Law Rules of Procedure. Also, the following notice has been included to strongly encourage individuals to seek the advice, when needed, of an attorney who is a member in good standing of the Florida Bar.
1997 Amendment. In 1997, the Florida Family Law Forms were completely revised to simplify and correct the forms. Additionally, the appendices were eliminated, the instructions contained in the appendices were incorporated into the forms, and the introduction following the Notice to Parties was created. Minor changes were also made to the Notice to Parties set forth below.
NOTICE TO PARTIES WHO ARE NOT REPRESENTED BY AN ATTORNEY WHO IS A MEMBER IN GOOD STANDING OF THE FLORIDA BAR
If you have questions or concerns about these forms, instructions, commentary, the use of the forms, or your legal rights, it is strongly recommended that you talk to an attorney. If you do not know an attorney, you should call the lawyer referral service listed in the yellow pages of the telephone book under “Attorney.” If you do not have the money to hire an attorney, you should call the legal aid office in your area.
Because the law does change, the forms and information about them may have become outdated. You should be aware that changes may have taken place in the law or court rules that would affect the accuracy of the forms or instructions.
In no event will the Florida Supreme Court, The Florida Bar, or anyone contributing to the production of these forms or instructions be liable for any direct, indirect, or consequential damages resulting from their use.
*323 FAMILY LAW PROCEDURES
Communication with the court. Ex parte communication is communication with the judge with only one party present. Judges are not allowed to engage in ex parte communication except in very limited circumstances, so, absent specific authorization to the contrary, you should not try to speak with or write to the judge in your case unless the other party is present or has been properly notified. If you have something you need to tell the judge, you must ask for a hearing and give notice to the other party or file a written statement in the court file and send a copy of the written statement to the other party.
Filing a case. A case begins with the filing of a petition. A petition is a written request to the court for some type of legal action. The person who originally asks for legal action is called the petitioner and remains the petitioner throughout the case.
A petition is given to the clerk of the circuit court, whose office is usually located in the county courthouse or a branch of the county courthouse. A case number is assigned and an official court file is opened. Delivering the petition to the clerk’s office is called filing a case. A filing fee is usually required.
Once a case has been filed, a copy must be given to (served on) the respondent. The person against whom the original legal action is being requested is called the respondent, because he or she is expected to respond to the petition. The respondent remains the respondent throughout the case.
Service. When one party files a petition, motion, or other pleading, the other party must be “served” with a copy of the document. This means that the other party is given proper notice of the pending action(s) and any scheduled hearings. Personal service of the petition and summons on the respondent by a deputy sheriff or private process server is required in all original petitions and supplemental petitions, unless constructive service is permitted by law. Personal service may also be required in other actions by some judges. After initial service of the original or supplemental petition and summons by a deputy sheriff or private process server, service of most motions and other documents or papers filed in the case generally may be made by email, regular U.S. mail, or hand delivery. However, service by certified mail is required at other times so you have proof that the other party actually received the papers. The instructions with each form will advise you of the type of service required for that form. If the other party is represented by an attorney, you should serve the attorney and send a copy to the other party, except for original or supplemental petitions, which must be personally served on the respondent.
Other than the original or supplemental petitions, any time you file additional pleadings or motions in your case, you must provide a copy to the other party and include a certifícate of service. Likewise, the other party must provide you with copies of everything that he or she files. Service of additional documents is usually completed by U.S. mail. For more information, see the instructions for Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914.
Forms for service of process are included in the Florida Family Law Forms, along with more detailed instructions and information regarding service. The instruc *324 tions to those forms should be read carefully to ensure that you have the other party properly served. If proper service is not obtained, the court cannot hear your case.
Note: If you absolutely do not know where the other party to your case lives, or if the other party resides in another state, you may be able to use constructive service. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief, which cannot include either alimony or child support. For more information on constructive service, see Notice of Action for Dissolution of Marriage (No Child or Financial Support), Florida Supreme Court Approved Family Law Form 12.913(a)(1), Notice of Action for Family Cases with Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.913(a)(2), Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b), and Affidavit of Diligent Search, Florida Family Law Rules of Procedure Form 12.913(c). Additionally, if the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military is very complex and you may wish to consult an attorney regarding these issues.
Default ... After being served with a petition or counterpetition, the other party has 20 days to file a response. If a response to a petition is not filed, the petitioner may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk. This means that you may proceed with your case and set a final hearing, and a judge will make a decision, even if the other party will not cooperate. For more information, see rule 12.080(c), Florida Family Law Rules of Procedure.
Answer and Counterpetition ... After being served, the respondent has 20 days to file an answer admitting or denying each of the allegations contained in the petition. In addition to an answer, the respondent may also file a counterpetition. In a counterpetition, the respondent may request the same or some other relief or action not requested by the petitioner. If the respondent files a counterpetition, the petitioner should then file an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d), and either admit or deny the allegations in the respondent’s counterpetition. Mandatory disclosure ... Rule 12.285, Florida Family Law Rules of Procedure, requires each party in a dissolution of marriage to exchange certain information and documents, and file a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Failure to make this required disclosure within the time required by the Florida Family Law Rules of Procedure may allow the court to dismiss the case or to refuse to consider the pleadings of the party failing to comply. This requirement also must be met in other family law cases, except adoptions, simplified dissolutions of marriage, enforcement proceedings, contempt proceedings, and proceedings for injunctions for domestic or repeat violence. The Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932, lists the documents that must be given to the other party. For more information see rule 12.285, Florida Family Law Rules of Procedure, and the instructions to the Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932.
Parenting Plan. If your case involves minor or dependent child(ren), a Parenting *325 Plan shall be approved or established by the court. Parenting Plan, Florida Supreme Court Approved Family Law Form, 12.995(a), Safety-Focused Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(b), or Relocation/Long Distance Parenting Plan, Florida Supreme Court Approved Family Law Form 12.995(c). The Parenting Plan shall be developed and agreed to by the parents and approved by a court. If the parents cannot agree, or if the agreed Parenting Plan is not approved, the court must establish a Parenting Plan. The Parenting Plan shall contain a time-sharing schedule and should address the issues regarding the ehild(ren)’s education, health care, and physical, social, and emotional well-being.
Setting a hearing or trial. Generally, the court will have hearings on motions, final hearings on uncontested or default cases, and trials on contested cases. Before setting your case for final hearing or trial, certain requirements such as completing mandatory disclosure and filing certain papers and having them served on the other party must be met. These requirements vary depending on the type of case and the procedures in your particular jurisdiction. For further information, you should refer to the instructions for the type of form you are filing.
Next, you must obtain a hearing or trial date so that the court may consider your request. You should ask the clerk of court, or family law intake staff about the local procedure for setting a hearing or trial, which you should attend. These family law forms contain orders and final judgments, which the judge may use. You should ask the clerk of court or family law intake staff if you need to bring one of these forms with you to the hearing or trial. If so, you should type or print the heading, including the circuit, county, case number,, division, and the parties’ names, and leave the rest blank for the judge to complete at your hearing or trial.
Below are explanations of symbols or parts of different family law forms ...
{specify}, {date}, {name(s)}, {street}, {city}, {state}, {phone}
Throughout these forms, you will find hints such as those above. These tell you what to put in the blank(s).
[one only] [all that apply]
These show how many choices you should check. Sometimes you may check only one, while other times you may check several choices. () This also shows an area where you must make a choice. Check the () in front of the choice that applies to you or your case.
[[Image here]]
*326 [[Image here]]
Une 1 The clerk of court can tell you the number of your judicial circuit. Type or print it here.
Line 2 Type or print your county name on line (2).
Line 3 If you are filing an initial petition or pleading, the Clerk of the Court will assign a case number after the case is filed. You should type or print this case number on all papers you file in this case.
Line 4 The clerk of the court can tell you the name of the division in which your case is being filed, and you should type or print it here. Divisions vary from court to court. For example, your case may be filed in the civil division, the family division, or the juvenile division.
Line 5 Type or print the tegal name of the person who originally filed the case on tine 5. This person is the petitioner because he/she is the one who filed the original petition.
Line 6 Type or print the other party's legal name on line 6. The other party is the respondent because he/she is responding to the petition.
I understand that i am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated:_jl]_ _<21 Signature of Petitioner
Printed Name:_(31
Address: [4}_
City, State, Zip:_(SI
Telephone Number:_(6]_
Fax Number:_(21
Email Address:_(8).
Some forms require that your signature be witnessed. You must sign the form in the presence of a notary public or deputy clerk {employee of the clerk of the court's office). When signing the form, you must have a valid photo identification unless the notary knows you personally. You should completely fill In all lines (1 & 3-8) except 2 with the requested information, if applicable. Line 2, the signature line, must be signed in the presence of the notary public or deputy clerk.
*327 [[Image here]]
This section should be completed by anyone who helps you fill out these forms but is not an attorney who is a member in good standing of The Florida Bar, which means that he or she is not licensed to practice law in Florida.
Line 1 The nonlawver who helps you should type or print his or her name on line 1.
Lines 2-6 The nonlawyer's business name, address, (including street, city, state, and telephone number) should be typed or printed on lines 2-6.
in addition, a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), should be completed if a nonlawyer assists you. The disclosure Is available as a family law form and should be completed before the noniawyer helps you. This ⅛ to be sure that you understand the role and limitations of a nonlawyer. You and the nonlawyer should keep a copy of this disclosure for your records.
FAMILY LAW GLOSSARY OF COMMON TERMS AND DEFINITIONS
Note: The following definitions are intended to be helpful, BUT they are not intended to constitute legal advice or address every possible meaning of the term(s) contained in this glossary.
Affidavit — a written statement in which the facts stated are sworn or affirmed to be true.
Alimony — spousal support which may be ordered by the court in a proceeding for dissolution of marriage. Types of alimony include: bridge-the-gap, durational, rehabilitative, or retroactive and may be either temporary or permanent. The court may order periodic payments, payment in lump sum, or both. In determining whether to award alimony, the court must determine whether either party has an actual need for alimony and whether the other party *328 has the ability to pay. The court must consider the factors set forth in section 61.08, Florida Statutes, and must make certain written findings. An alimony award may not leave the paying party with significantly less net income than that of the receiving party without written findings of exceptional circumstances.
Answer — written response by a respondent that states whether he or she admits (agrees with) or denies (disagrees with) the allegations in the petition. Any allegations not specifically denied are considered to be admitted.
Appeal — asking a district court of appeal to review the decision in your case. There are strict procedural and time requirements for filing an appeal.
Asset — everything owned by you or your spouse, including property, cars, furniture, bank accounts, jewelry, life insurance policies, businesses, or retirement plans. An asset may be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree. Attorney — a person with special education and training in the field of law who is a member in good standing of The Florida Bar and licensed to practice law in Florida.' An attorney is the only person who is allowed to give you legal advice. An attorney may file your case and represent you in court, or just advise you of your rights before you file your own case. In addition to advising you of your rights, an attorney may tell you what to expect and help prepare you for court. In family law matters, you are not entitled to a court-appointed lawyer, like a public defender in a criminal case. However, legal assistance is often available for those who are unable to hire a private attorney. You may consult the yellow pages of the telephone directory for a listing of legal aid or lawyer referral services in your area, or ask your local clerk of court or family law intake staff what services are available in your area. You may also obtain information from the Florida Supreme Court’s Internet site located at http://www.flcourts.org.
Bond — money paid to the clerk of court by one party in a case, to be held and paid to an enjoined party in the event that the first party causes loss or damage of property as a result of wrongfully enjoining the other party.
Beneficiary Designation — Florida law provides that a beneficiary designation made by or on behalf of a party providing for the payment or transference of an asset or benefit upon his or her death to the other spouse is void when the final judgment dissolving or declaring a marriage invalid is signed, unless the final judgment specifically states otherwise. Federal law and other statutory provisions may also apply. This includes, but is not limited to, such assets as life insurance policies, annuities, employee benefit plans, individual retirement accounts, and payable-on-death accounts. Whether or not to continue a beneficiary designation is a complex area of the law and you may wish to consult with an attorney.
Bridge-the-Gap Alimony — spousal support which is ordered to assist a party to make the transition from being married to being single. Bridge-the-Gap alimony is designed to assist a party with legitimate, identifiable short-time needs; its length cannot exceed two years and it cannot be modified.
Central Depository — the office . of the clerk of court that is responsible for collecting and disbursing court ordered alimony and child support payments. The depository also keeps payment records and files judgments if support is not paid.
*329 Certificate of Service — a document that must be filed whenever a form you are using does not contain a statement for you to fill in showing to whom you are sending copies of the form. Florida Supreme Court Approved Family Law Form 12.914 is the certificate of service form and contains additional instructions.
Certified Copy — a copy of an order or final judgment, certified by the clerk of the circuit court to be an authentic copy.
Certified Mail — mail which requires the receiving party to sign as proof that they received it.
Child Support-money paid from one parent to the other for the benefit of their dependent or minor child(ren).
Clerk of the Circuit Court — elected official in whose office papers are filed, a case number is assigned, and case files are maintained. The clerk’s office usually is located in the county courthouse.
Concurrent Custody — (for the purposes of a petition filed pursuant to chapter 751, Florida Statutes) means that an eligible extended family member is awarded custodial rights to care for a child or children concurrently with the ehild(ren)’s parent or parents.
Constructive Service — notification of the other party by newspaper publication or posting of notice at designated places when the other party cannot be located for personal service. You may also be able to use constructive service when the other party lives in another state. Constructive service is also called “service by publication.” However, when constructive service is used, the relief the Court may grant is limited; that relief cannot include either alimony or child support. For more information on service, see the Instructions for Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a).
Contested Issues — any or all issues upon which the parties are unable to agree and which must be resolved by the judge at a hearing or trial.
Contingent Asset — an asset that you may receive or get later, such as income, tax refund, accrued vacation or sick leave, a bonus, or an inheritance.
Contingent Liability — a liability that you may owe later, such as payments for lawsuits, unpaid taxes, or debts that you have agreed or guaranteed to pay if someone else does not.
Counterpetition — a written request to the court for legal action, which is filed by a respondent after being served with a petition.
Custody Order — a judgment or order incorporating a Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C. ss. 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil Aspects of International Child Abduction enacted at the Hague on October 25, 1980.
Default — a failure of a party to respond to the pleading of another party. This failure to respond may allow the court to decide the case without input from the party who did not appear or respond.
Delinquent — late.
Dependent Child(ren) — child(ren) who depend on their parent(s) for support either because they are under the age of 18, have a mental or physical disability that prevents them from supporting them *330 selves, or are in high school, between the ages of 18 and 19, and performing in good faith with a reasonable expectation of graduation before the age of 19.
Deputy Clerk — an employee of the office of the clerk of court, which is usually located in the county courthouse or a branch of the county courthouse.
Dissolution of Marriage — divorce; a court action to end a marriage.
Durational Alimony — spousal support which is ordered to provide economic assistance for a set period of time following a marriage of short or moderate duration or following a marriage of long duration if there is no ongoing need for support on a permanent basis. Durational alimony terminates upon the death of either party or upon remarriage of the party receiving support. It may be modified or terminated, but cannot exceed the length of a marriage.
Electronic Communication — Contact, other than face-to-face contact, facilitated by tools such as telephones, electronic mail or email, webcams, video-conferencing equipment, and software or other wired or wireless technologies, or other means of communication to supplement fact-to face contact between a parent and that parent’s minor child.
Enjoined — prohibited by the court from doing a specific act.
Ex Parte — communication with the judge by only one party. In order for a judge to speak with either party, the other party must have been properly notified and have an opportunity to be heard. If you have something you wish to tell the judge, you should ask for a hearing or file information in the clerk of court’s office, with certification that a copy was sent to the other party.
Extended Family — (for the purposes of a petition filed pursuant to chapter 751, Florida Statutes) is a person who is either:
1) A relative of a minor child within the third degree by blood or marriage to the parent; OR
2) The stepparent of a minor child if the stepparent is currently married to the parent of the child and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child’s parents as an adverse party.
Family Law Intake Staff — a court’s employee(s) who is (are) available to assist you in filing a family law case. Family law intake staff are not attorneys and cannot give legal advice. They may only assist you with filling out the form(s). Your local clerk’s office can tell you if your county has such assistance available.
Filing — delivering a petition, response, motion, or other pleading in a court case to the clerk of court’s office.
Filing Fee — an amount of money, set by law, that the petitioner must pay when filing a case. If you cannot afford to pay the fee, you must file an Application for Determination of Civil Indigent Status, to ask the clerk to file your case without payment of the fee. This form can be obtained from the clerk’s office.
Final Hearing — trial in your case.
Financial Affidavit — a sworn statement that contains information regarding your income, expenses, assets, and liabilities.
Final Judgment — a written document signed by a judge and recorded in the clerk of the circuit court’s office that contains the judge’s decision in your case. *331 Guardian ad Litem — a neutral person who may be appointed by the court to evaluate or investigate your child’s situation, and file a report with the court about what is in the best interests of your child(ren). Guardians do not “work for” either party. The guardian may interview the parties, visit their homes, visit the child(ren)’s school(s) and speak with teachers, or use other resources to make their recommendation.
Hearing — a legal proceeding before a judge or designated officer (general magistrate or hearing officer) on a motion.
Health Insurance — coverage under a fee-for-service arrangement, health care maintenance organization, or preferred provider organization, and other types of coverage available to either parent, under which medical services could be provided to a minor or dependent child.
Judge — an elected official who is responsible for deciding matters on which you and the other parties in your case are unable to agree. A judge is a neutral person who is responsible for ensuring that your case is resolved in a manner which is fair, equitable, and legal. A judge is prohibited by law from giving you or the other party any legal advice, recommendations, or other assistance, and may not talk to either party unless both parties áre present, represented, or at a properly scheduled hearing.
Judicial Assistant — the judge’s personal staff assistant.
Liabilities — everything owed by you or your spouse, including mortgages, credit cards, or car loans. A liability may be marital or nonmarital, but that distinction is for the court to determine if you and your spouse do not agree.
Lump Sum Alimony — money ordered to be paid by one spouse to another in a limited number of payments, often a single payment.
Mandatory Disclosure — items that must be disclosed by both parties except those exempted from disclosure by Florida Family Law Rule 12.285.
Marital Asset — generally, anything that you and/or your spouse acquired or received (by gift or purchase) during the marriage. For example, something you owned before your marriage may be non-marital. An asset may only be determined to be marital by agreement of the parties or determination of the judge.
Marital Liability — generally, any debt that you and/or your spouse incurred during the marriage. A debt may only be determined to be nonmarital by agreement of the parties or determination of the judge.
Mediator — a person who is trained and certified to assist parties in reaching an agreement before going to court. Mediators do not take either party’s side and are not allowed to give legal advice. They are only responsible for helping the parties reach' an agreement and putting that agreement into writing. In some areas, mediation of certain family law cases may be required before going to court.
Modification — a change made by the court in an order or final judgment.
Motion — a request made to the court, other than a pétition.
No Contact — a court order directing a party not speak, to, call, send mail to, visit, or go near his or her spouse, ex-spouse, ehild(ren), or other family member.
Nonlawyer — a person who is not a member in good standing of The Florida Bar.
*332 Nonmarital Asset — generally, anything owned separately by you or your spouse. An asset may only be determined to be nonmarital by either agreement of the parties or determination of the judge.
Nonmarital Liability — generally, any debt that you or your spouse incurred before your marriage or since your separation. A debt may only be determined to be nonmarital by either agreement of the parties or determination of the judge.
Nonparty — a person who is not the petitioner or respondent in a court case.
Notary Public — a person authorized to witness signatures on court-related forms.
Obligee — a person to whom money, such as child support or alimony, is owed.
Obligor — a person who is ordered by the court to pay money, such as child support or alimony.
Order — a written decision signed by a judge and filed in the clerk of the circuit court’s office, that contains the judge’s decision on part of your case, usually on a motion.
Original Petition — see Petition.
Parenting Course — a class that teaches parents how to help their child(ren) cope with divorce and other family issues.
Parenting Plan — a document created to govern the relationship between the parents relating to the decisions that must be made regarding the minor child(ren). The Parenting Plan must contain a time-sharing schedule for the parents and child(ren) and shall address the issues concerning the minor child(ren). The issues concerning the minor child(ren) may include, but are not limited to, the child(ren)’s education, health care, and physical, social, and emotional well-being. In creating the Plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. The Parenting Plan must be developed and agreed to by the parents and approved by the court. If the parents cannot agree to a Parenting Plan, or if the parents agreed to a plan that is not approved by the court, a Parenting Plan will be established by the court with or without the use of parenting plan recommendations.
Parenting Plan Recommendation — A nonbinding recommendation concerning one or more elements of a Parenting Plan made by a court-appointed mental health practitioner or other professional designated pursuant to either section 61.20 or 61.401, Florida Statutes, or Florida Family Law Rule of Procedure 12.363.
Party — a person involved in a court case, either as a petitioner or respondent.
Paternity Action — A lawsuit used to determine whether a designated individual is the father of a specific child or children. Payor — an employer or other person who provides income to an obligor.
Permanent Alimony — spousal support ordered to provide for the needs and necessities of life as they were established during the marriage for a party who lacks the financial ability to meet his or her needs and necessities after dissolution of marriage. Permanent alimony is paid at a specified, periodic rate until: modification by a court order; the death of either party; or the remarriage of the party receiving alimony, whichever occurs first. Permanent alimony requires consideration of the factors set forth in section 61.08(2), Florida Statutes, and must include certain written findings by the court.
Personal Service — when a summons and a copy of a petition (or other pleading) that *333 has been filed with the court are delivered by a deputy sheriff or private process server to the other party. Personal service is required for all petitions and supplemental petitions.
Petition — a written request to the court for legal action, which begins a court case.
Petitioner — the person who files a petition that begins a court case.
Pleading — a formal written statement of exactly what a party wants the court to do in a lawsuit or court action.
Pro Se or Self — Represented Litigant-a
person who appears in court without the assistance of a lawyer.
Pro Se Coordinator — see Family Law Intake Staff.
Rehabilitative Alimony — spousal support ordered to be paid for a limited period of time to allow one of the parties an opportunity to complete a plan of education or training, according to a rehabilitative plan accepted by the court, so that he or she may better support himself or herself after dissolution of marriage.
Relocation — a change in the location of the principal residence of a parent or other person in accordance with section 61.13001, Florida Statutes.
Respondent — the person who is served with a petition requesting some legal action against him or her.
Scientific Paternity Testing — a medical test to determine who the father of a child is.
Service — the delivery of legal documents to a party. Service must be in accordance with Florida Rule of Judicial Administration 2.516.
Shared Parental Responsibility — an arrangement under which both parents have full parental rights and responsibilities for their child(ren), and the parents make major decisions affecting the welfare of the child(ren) jointly. Shared Parental Responsibility is presumptive in Florida.
Sole Parental Responsibility — a parenting arrangement under which the responsibility for the minor ehild(ren) is given to one parent by the court, with or without rights of time-sharing to the other parent.
State Disbursement Unit — the unit established and operated by the Title IV-D agency to provide one central address for the collection and disbursement of child support payments made in both Department of Revenue and non-Department of Revenue cases, in which the obligation is paid through an income deduction order.
Supervised Time-Sharing — a parenting arrangement under which time-sharing between a parent and his or her children) is supervised by either a friend, family member, or a supervised visitation center.
Supplemental Petition — a petition that may be filed by either party after the judge has made a decision in a case and a final judgment or order has been entered. For example, a supplemental petition may be used to request that the court modify the previously entered final judgment or order.
Supportive Relationship — a relationship, defined in section 61.14(l)(b)l, Florida Statutes, existing between a spouse who receives alimony and a person with whom that spouse resides.
Time-Sharing Schedule — a timetable that must be included in the Parenting Plan that specifies the time, including overnights and holidays, that a minor child or children will spend with each parent. The time-sharing schedule shall either be developed and agreed to by the parents of *334 a minor child or children and is approved by the court, or established by the court if the parents cannot agree, or if their agreed-upon schedule is not approved by the court.
Trial — the final hearing in a contested case.
Uncontested — any and all issues on which the parties are able to agree and which are part of a marital settlement agreement.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(f)(1), MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (09/13)
When should this form be used?
This form should be used when a Petition for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.901(b)(1), has been filed and the parties have reached an agreement on some or all of the issues at hand.
This form should be typed or printed in black ink. Both parties must sign the agreement and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records. You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final heariny).
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.
Special notes ...
With this form you must also file a Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), if not already filed.
This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
IN THE CIRCUIT COURT OF THE JUDICIAL CIRCUIT,_
IN AND FOR _ COUNTY, FLORIDA
Case No.: _
Division: _
In re the Marriage of:
Husband,
*335 and
Wife.
MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
We, {Husband’s full legal name} _, and {Wife’s full legal name}, _, being sworn, certify that the following statements are true:
1. We were married to each other on {date}.
2. Because of irreconcilable differences in our marriage (no chance of staying together), we have made this agreement to settle once and for all what we owe to each other and what we can expect to receive from each other. Each of us states that nothing has been held back, that we have honestly included everything we could think of in listing our assets (everything we own and that is owed to us) and our debts (everything we owe), and that we believe the other has been open and honest in writing this agreement.
3. We have both filed a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Because we have voluntarily made full and fair disclosure to each other of all our assets and debts, we waive any further disclosure under rule 12.285, Florida Family Law Rules of Procedure.
4. Each of us agrees to execute and exchange any papers that might be needed to complete this agreement, including deeds, title certificates, etc.
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Division of Assets. We divide our assets (everything we own and that is owed to us) as follows: Any personal item(s) not listed below is (are) the property of the party currently in possession of the item(s).
1. Wife shall receive as her own and Husband shall have no further rights or responsibilities regarding these assets:
[[Image here]]
*336 [[Image here]]
*337 2. Husband shall receive as his own and Wife shall have no further rights or responsibilities regarding these assets:
[[Image here]]
*338 [[Image here]]
B. Division of Liabilities/Debts. We divide our liabilities (everything we owe) as follows:
1. Wife shall pay as her own the following and will not at any time ask Husband to pay these debts/bills:
[[Image here]]
*339 2. Husband shall pay as his own the following and will not at any time ask Wife to pay these debts/bills:
[[Image here]]
C. Contingent Assets and Liabilities (listed in Section III of our Family Law Financial Affidavits) will be divided as follows:
D. Beneficiary Designation (Complete only if beneficiary designations continue after entry of Final Judgment of Dissolution of Marriage.)
_ The Husband and Wife agree that the designation providing for the payment or transfer at death of an interest in the assets set forth below to or for the benefit of the deceased’s party former spouse SHALL NOT BE VOID as of the date of entry of the Final Judgment of Dissolution of Marriage.
The Final Judgment of Dissolution of Marriage shall provide that the designations *340 set forth below remain in full force and effect:
_ 1. The_Husband_Wife shall acquire or maintain the following assets for the benefit of the other spouse or child(ren) to be paid upon his/her death outright or in trust. This provision only applies if other assets fulfilling such requirement for the benefit of the other spouse or child(ren) do not exist upon his/ her death and unless precluded by statute. {Describe the assets with specificity}:
[[Image here]]
SECTION II. SPOUSAL SUPPORT (ALIMONY) (If you have not agreed on this matter, write n/a on the lines provided.)
1. _ Each of us forever gives up any right to spousal support (alimony) that we may have.
OR
2. _() HUSBAND () WIFE (hereinafter “Obligor”) agrees to pay spousal support (alimony) in the amount of $_every () week () other week () month, beginning {date} - and continuing until {date or event}
Explain type of alimony (such as, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum) and any other specifics: _
[[Image here]]
4. _Husband_Wife will provide life insurance in the amount of $_ to secure the above support.
SECTION III. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING
1. The parties’ minor child(ren) are:
[[Image here]]
2. The parties shall have time-sharing and parental responsibility in accordance with the Parenting Plan attached as Exhibit-
*341 SECTION IV. CHILD SUPPORT
1._Wife_Husband (hereinafter “Obligor”) will pay child support, under Florida’s child support guidelines, section 61.30, Florida Statutes, to the other parent. The Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is completed and attached.
Child support established at the rate of $_ per month for the _ children {total number of parties’ minor or dependent children} shall be paid commencing _ {month, day, year{ and terminating _ {month, day, year}. Child support shall be paid in the amount of $_per _ {week, month, other} which is consistent with the Obli-gor’s current payroll cycle.
Upon termination of the obligation of child support for one of the parties’ children, child support in the amount of $_ for the remaining _ children {total number of remaining children} shall be paid commencing _ {month, day, year} and terminating _ { month, day, year}. This child support shall be paid in the amount of $-per-{ week, month, other} which is consistent with Obligor’s current payroll cycle.
{ Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases. Please indicate whether the schedule_ap-pears below or_is attached as part of this form.}
[[Image here]]
The Obligor shall pay child support until all the minor or dependent children): reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties. The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is: dependent in fact; between the ages of 18 and 19; and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.
If the child support amount above deviates from the guidelines by 5% or more, explain the reason(s) here:
[[Image here]]
2. Child Support Arrearage. There currently is a child support arrearage of:
$_for retroactive child support and/or
$_ for previously ordered unpaid child support.
The total of $_in child support arrearage shall be repaid at the rate of $_ every () week () other week () month, beginning { date}_, until paid in full including statutory interest.
3. Health Insurance. _ Wife _Husband () will maintain health *342 insurance for the parties’ minor child(ren). The party providing coverage will provide insurance cards to the other party showing coverage. OR () Health insurance is either not reasonable in cost or accessible to the child(ren) at this time. Any uninsured/ unreimbursed medical costs for the minor child(ren) shall be assessed as follows:
a. _Shared equally by husband and wife.
b. _ Prorated according to the child support guideline percentages. c. _ Other { explain}:
As to these uninsured/unreimbursed medical expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.
4.Dental Insurance. _Wife_ Husband () will maintain dental insurance for the parties’ minor child(ren). The party providing coverage will provide insurance cards to the other party showing coverage. OR () dental insurance is either not reasonable in cost or accessible to the child(ren) at this time. Any uninsured/ unreim-bursed dental costs for the minor child(ren) shall be assessed as follows:
a. _Shared equally by husband and wife.
b. _ Prorated according to the child support guideline percentages.
c. _ Other { explain}:
As to these uninsured/unreimbursed dental expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.
5. Life Insurance. _Wife_ Husband will maintain life insurance for the benefit of the parties’ minor child(ren) in the amount of $_ until the youngest child turns 18, becomes emancipated, marries, joins the armed services, or dies.
6. IRS Income Tax Deduction(s). The assignment of any tax deductions for the child(ren) shall be as follows: { explain}_
The other parent will convey any applicable IRS form regarding the income tax deduction.
7.Other provisions relating to child support (e.g., uninsured medical/dental expenses, health or dental insurance, life insurance to secure child support, orthodontic payments, college fund, etc.):
[[Image here]]
SECTION Y. OTHER
[[Image here]]
SECTION VI. We have not agreed on f°^owing issues -
*343 [[Image here]]
I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.
Dated: _
Signature of Husband
Printed Name: _
Address: _
City, State, Zip:_
Telephone Number:_
Fax Number:_
Email Address: _
STATE OF FLORIDA
COUNTY OF_
Sworn to or affirmed and signed before me on_by_
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:
[fill in all blanks] This form was prepared for the: {choose only one } () Husband () Wife
This form was completed with the assistance of:

{name of individual}

{name of business}

{address}_
{city} -, { state}
_, {telephone number}
I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.
Dated: _
Signature of Wife
Printed Name: _
Address: _
City, State, Zip: _•
Telephone Number:
Fax Number: _
Email Address: _
STATE OF FLORIDA COUNTY OF_
Sworn to or affirmed and signed before me on_by_
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:
[fill in all blanks] This form was prepared for the: {choose only one } () Husband () Wife
*344 This form was completed with the assistance of:

{name of individual}

{name of business}

{address}-
{city} _._, { state}
_, {telephone number}
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(f)(2), MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN) (09/13)
When should this form be used?
This form should be used when a Petition for Dissolution of Marriage with Property but no Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.901(b)(2), has been filed and the parties have reached an agreement on some or all of the issues at hand.
This form should be typed or printed in black ink. Both parties must sign the agreement and have their signatures witnessed by a notary public or deputy clerk. After completing this form, you should file the original with the clerk of the circuit court in the county where the petition was filed and keep a copy for your records.
You should then refer to the instructions for your petition, answer, or answer and counterpetition concerning the procedures for setting a hearing or trial (final hearing).
Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. The words that are in bold underline in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.
Special notes ...
This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
IN THE CIRCUIT COURT OF THE JUDICIAL CIRCUIT,_
IN AND FOR _ COUNTY, FLORIDA
Case No.: _
Division: _
In re the Marriage of:
Husband,
and
Wife.
*345 MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)
We, {Husband’s full legal name} _, and {Wife’s full legal name}, _, being sworn, certify that the following statements are true:
1. We were married to each other on {date}.
2. Because of irreconcilable differences in our marriage (no chance of staying together), we have made this agreement to settle once and for all what we owe to each other and what we can expect to receive from each other. Each of us states that nothing has been held back, that we have honestly included everything we could think of in listing our assets (everything we own and that is owed to us) and our debts (everything we owe), and that we believe the other has been open and honest in writing this agreement.
3. We have both filed a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Because we have voluntarily made full and fair disclosure to each other of all our assets and debts, we waive any further disclosure under rule 12.285, Florida Family Law Rules of Procedure.
4. Each of us agrees to execute and exchange any papers that might be needed to complete this agreement, including deeds, title certificates, etc.
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Division of Assets. We divide our assets (everything we own and that is owed to us) as follows: Any personal item(s) not listed below is (are) the property of the party currently in possession of the item(s).
1. Wife shall receive as her own and Husband shall have no further rights or responsibilities regarding these assets:
[[Image here]]
*346 [[Image here]]
2. Husband shall receive as his own and Wife shall have no further rights or responsibilities regarding these assets:
[[Image here]]
*347 [[Image here]]
*348 ASSETS: DESCRIPTION OP ITEM(S) HUSBAND SHALL RECEIVE Please describe each item as clearly as possible. You do not need to list account numbers. Current Fair Where applicable, include whether the name on any title/decd/account described below is Market Value wife’s, husband’s or both. Total Assets to Husband
B. Division of Liabilities/Debts. We divide our liabilities (everything we owe) as follows:
1. Wife shall pay as her own the following and will not at any time ask Husband to pay these debts/bills:
[[Image here]]
2. Husband shall pay as his own the following and will not at any time ask Wife to pay these debts/bills:
*349 [[Image here]]
C. Contingent Assets and Liabilities (listed in Section III of our Family Law Financial Affidavits) will be divided as follows:
[[Image here]]
D. Beneficiary Designation (Complete only if beneficiary designations continue after entry of Final Judgment of Dissolution of Marriage.)
_ The Husband and Wife agree that the designation providing for the payment or transfer at death of an interest in the assets set forth below to or for the benefit of the deceased’s party former spouse SHALL NOT BE VOID as of the date of entry of the Final Judgment of Dissolution of Marriage.
The Final Judgment of Dissolution of Marriage shall provide that the designations set forth below remain in full force and effect:
_ 1. The _ Husband _ Wife shall acquire or maintain the follow *350 ing assets for the benefit of the other spouse or ehild(ren) to be paid upon his/ her death outright or in trust. This provision only applies if other assets fulfilling such requirement for the benefit of the other spouse or ehild(ren) do not exist upon his/her death and unless precluded by statute. { Describe the assets with specificity}:
[[Image here]]
SECTION II. SPOUSAL SUPPORT (ALIMONY) (If you have not agreed on this matter, write n/a on the lines provided.)
1_Each of us forever gives up any right to spousal support (alimony) that we may have. OR
2._() HUSBAND () WIFE (hereinafter “Obligor”) agrees to pay spousal support (alimony) in the amount of $_every () week () other week () month, beginning { date}_and continuing until ■ { date or event}
Explain type of alimony (permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum) and any other specifics: _
[[Image here]]
4._Husband_Wife will provide life insurance in the amount of $_to secure the above support.
SECTION III. OTHER
[[Image here]]
I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.
Dated: _
Signature of Husband
Printed Name: _
Address: _
City, State, Zip: _
*351 Telephone Number:
Fax Number: _
Email Address: _
STATE OF FLORIDA
COUNTY OF_
Sworn to or affirmed and signed before me on_by_
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:
[fill in all blanks] This form was prepared for the: {choose only one } () Husband () Wife
This form was completed with the assistance of:
{name of individual}

{name of business}

{address}_
{city} _, { state} _, {telephone number}
I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.
Dated: _
Signature of Wife
Printed Name: _
Address: _
City, State, Zip: _
Telephone Number:
Fax Number: _
Email Address: _
STATE OF FLORIDA
COUNTY OF_
Sworn to or affirmed and signed before me on _ by _
NOTARY PUBLIC or DEPUTY CLERK
[Print, type, or stamp commissioned name of notary or clerk.]
_ Personally known
_ Produced identification
Type of identification produced
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:
[fill in all blanks] This form was prepared for the: {choose only one } () Husband () Wife
This form was completed with the assistance of:

{name of individual}

{name of business}

{address}_
{city} _, { state} _, {telephone number}
IN THE CIRCUIT COURT OF THE JUDICIAL CIRCUIT,_
*352 IN AND FOR _ COUNTY, FLORIDA
Case No.: _
Division: _
In re the Marriage of:
Husband,
and
Wife.
FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
This cause came before this Court for a trial on a Petition for Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Dissolution of Marriage.
3.The marriage between the parties is irretrievably broken. Therefore, the marriage between the parties is dissolved, and the parties are restored to the status of being single.
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Date of Valuation of Property. The assets and liabilities listed below are divided as indicated. The date of valuation of these assets and liabilities is, unless otherwise indicated:
a. _date of filing petition for dissolution of marriage.
b. _date of separation
c. _date of final hearing.
d. _ other: { specify date}
B. Division of Assets.
1. The assets listed below are non-marital assets. Each party shall keep, as his or her own, the assets found to be nonmarital, and the other party shall have no further rights or responsibilities regarding these assets.
[[Image here]]
2. The assets listed below are marital assets. Each party shall keep, as his or her own, the assets awarded in this section, and the other party shall have no further rights or responsibilities regarding these assets. Any personal item(s) not listed below are awarded to the party currently in possession or control of the item(s).
*353 [[Image here]]
*354 C. Division of Liabilities/Debts.
1. The liabilities listed below are nonmarital liabilities and, therefore, are owed as indicated. Each party shall owe, as his or her own, the liabilities found to be nonmarital, and the other party shall have no responsibilities regarding these debts.
[[Image here]]
2. The liabilities listed below are marital liabilities and are divided as indicated. Each party shall hold the other party harmless and pay, as his or her own, the marital liabilities awarded below.
[[Image here]]
*355 [[Image here]]
D.Contingent assets and liabilities will be divided as follows:_
E.The distribution of assets and liabilities in this final judgment is equitable; if each party does not receive approximately one-half, the distribution is based on the following facts and reasoning:
F.Beneficiary Designation (By completing this section, the beneficiary designations continue after Entry of Final Judgment of Dissolution of Marriage.)
The designation providing for the payment or transfer at death of an interest in the assets described below to or for the benefit of the deceased’s party former spouse is NOT VOID as of the date of entry of the Final Judgment of Dissolution of Marriage.
The Final Judgment of Dissolution of Marriage shall provide that the designations set forth below remain in full force and effect:
_1. The _ Husband _ Wife shall acquire or maintain the following assets for the benefit of the other spouse or child(ren), to be paid upon his/her death outright or in trust. This provision only applies if other assets fulfilling such requirement for the benefit of the other spouse or children) do not exist upon his/her death and unless precluded by statute. {Describe the assets with specificity}: _
- 2. The _ Husband _ Wife shall not unilaterally terminate or modify the ownership of the following assets, or their disposition upon his/her death. { Describe the assets with specificity}:
SECTION II. EXCLUSIVE USE AND POSSESSION OF HOME
[Indicate all that apply ]
1. _The_Husband_Wife, as a condition of support, shall have exclusive use and possession of the dwelling located at the following address: _ until: { date or event}_
2. _The_Husband_Wife may make visits to the premises described in the paragraph above for the purpose of obtaining any items awarded in this Final Judgment. These visits shall occur after notice to the person granted exclusive use and possession of the dwelling and at the earliest convenience of both parties or as ordered in paragraph 4 below.
3. _Upon the termination of the right of exclusive use and possession, the dwelling shall be sold and the net proceeds divided_% to Husband and_% to Wife, with the following credits and/or set-offs being allowed:
*356 [[Image here]]
SECTION III. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN)
1. Jurisdiction. The Court has jurisdiction to determine parental responsibility, to establish or adopt a Parenting Plan, and a time-sharing schedule with regard to the minor children) listed in paragraph 2 below.
2. The parties’ dependent or minor child(ren) is (are):
Name Birth date
3. Parenting Plan. The parties shall comply with the Parenting Plan which is attached and incorporated herein as Exhibit_
SECTION IV. ALIMONY
1. _ The Court denies the requests) for alimony;
OR
2. _ The Court finds that the _ Husband _ Wife, (hereinafter Obligee), has an actual need for, and that the_Husband_Wife (hereinafter Obligor), has the present ability to pay, alimony as follows:
[.Indicate all that apply ]
a_Permanent Periodic.
1. The Court finds that no other form of alimony is fair and reasonable under the circumstances of the parties.
2. As a marriage of: (Choose only one)
_ Long Duration (17 years or greater) alimony is appropriate upon consideration of all relevant factors;
_ Moderate Duration (greater than 7 years but less than 17) alimony is appropriate based upon clear and convincing evidence after consideration of all relevant factors; or
_ Short Duration (less than 7 years) alimony is appropriate based upon the following exceptional circumstances:_
3. Obligor shall pay permanent periodic alimony to Obligee in the amount of $_ per month, payable () in *357 accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month or () other { explain} _ beginning { date}_This alimony shall continue until: modified by court order; the death of either party; or remarriage of Obligee, whichever occurs first. The alimony may be modified or terminated based upon either a substantial change in circumstances, or the existence of a supportive relationship in accordance with section 61.14, Florida Statutes.
b. _Bridge-the-Gap. Obligor shall pay bridge-the-gap alimony to Obligee in the amount of $_per month, payable () in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month or () other { explain} _ beginning {date}_ and continuing until: { date}_{ a period not to exceed two (2) years}; death of either party; or remarriage of the Obli-gee, whichever occurs first. c_Rehabilitative. Obligor shall pay rehabilitative alimony to Obligee in the amount of $_per month, payable () in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month or () other { explain} _ beginning {date}_This rehabilitative alimony shall continue until: modified by court order; the death of either party; or until { date/event} - whichever occurs first. The rehabilitative plan presented demonstrated the following:
d-Durational. Obligor shall pay durational alimony to Obligee in the amount of $_per month payable () in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month or () other { explain}- beginning {date} _ and terminating on: { date}-, the death of either party; remarriage of the Obligee; or until modified by court order in accordance with section 61.08(7), Florida Statutes, whichever occurs first.
e. -Lump Sum. Obligor shall pay lump sum alimony to Obligee in the amount of $_, which shall be paid as follows:_
f. -Retroactive. Obligor shall pay retroactive alimony in the amount of $- for the period of {date} -, through { date} -, which shall be paid pursuant to paragraph 4 below.
3. Reasons for () Awarding () Denying Alimony. The Court has considered all of the following in awarding/denying alimony:
a. The standard of living established during the marriage;
b. The duration of the marriage;
c. The age and the physical and emotional condition of each party;
d. The financial resources of each party, including the nonmarital and marital assets and liabilities distributed to each;
e. The earning capacities, educational levels, vocational skills, and employability of the parties and, when applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment;
f. The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party;
g. The responsibilities each party will have with regard to any minor or dependent children they have in common;
*358 h. The tax treatment and consequences to both parties of any alimony award, including the designation of all or a portion of the payment as a nontaxable, nondeductible payment;
i. All sources of income available to either party, including income available to either party through investments of any asset held by that party and
j. Any other factor necessary to do equity and justice between the parties: {explain}
[[Image here]]
_Please indicate here if additional pages are attached.
4. Arrearage/Retroactive Alimony.
a_There is no alimony arrearage at the time of this Final Judgment. OR
b. _ The _ Husband _
Wife shall pay to the other spouse the alimony arrearage of:
$_for retroactive alimony, as of {date} ; $_for previously ordered unpaid alimony, as of {date}_
The total of $_ in alimony ar-rearage shall be repaid in the amount of $_per month, payable () in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month or () other {explain} _ beginning {date}_, until paid in full including statutory interest.
5. _ Life Insurance (to secure payment of support). To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of at least $_ and shall remain in effect until the obligation for alimony terminates.
6._Other provisions relating to alimony, including any tax treatment and consequences:
a. The award of alimony () does not () does leave the Obligor with significantly less net income than the net income of the recipient/Obligee. If the award does leave the Obligor with significantly less net income than that of the Obligee, the Court finds the following exceptional circumstances:
[[Image here]]
SECTION y. CHILD SUPPORT
1. _The Court finds that there is a need for child support and that the_ Wife_Husband (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the_Wife_Husband are correct;
OR
_ The Court makes the following findings:
The Wife’s net monthly income is $_, (Child Support Guide-
lines %).
The Husband’s net monthly income is $_, (Child Support Guidelines _%).
Monthly child care costs are $-
*359 Monthly health/dental insurance costs are $_
2.Amount.
Child support established at the rate of $_ per month for the _ children { total number of parties’ minor or dependent children} shall be paid commencing_ { month, day, year} and terminating _ { month, day, year}. Child support shall be paid in the amount of $_ per _{ week, month, other} consistent with the Obligor’s current payroll cycle. Upon the termination of the obligation of child support for one of the parties’ children, child support in the amount of $_ for the remaining _ children { total number of remaining children} shall be paid commencing _ { month, day, year} and terminating _ { month, day, year}. This child support shall be paid in the amount of $_ per _{ week, month, other} consistent with the Obligor’s current payroll cycle.
{ Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases. Please indicate whether the schedule _appears below or_is attached as part of this form.}
The Obligor shall pay child support until all of the minor or dependent children: reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties. The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.
If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are:_
3.Arrearage/Retroactive Child Support.
a. -There is no child support ar-rearage at the time of this Final Judgment. OR
b. _ The _ Wife _ Husband shall pay to the other spouse the child support arrearage of: $_ for retroactive child support, as of {date} ___; $_for previously ordered unpaid child support, as of { date}
The total of $_in child support arrearage shall be repaid in the amount of $per month, payable () in accordance with Obligor’s employer’s payroll cycle, and in any event at least a month or () other { explain} _ beginning {date}_, until paid in full including statutory interest.
4.Insurance.
*360 a. _ Health/Dental Insurance. _ Wife _ Husband shall be required to maintain () health and/or () dental insurance for the parties’ minor child(ren), so long as reasonable in cost and accessible to the child(ren). The party providing insurance shall be required to convey insurance cards demonstrating said coverage to the other party;
OR
() health and/or () dental insurance is not reasonable in cost or accessible to the child(ren) at this time.
b. _ Reasonable and necessary uninsured medical/dental/prescription drug costs for the minor child(ren) shall be assessed as follows: () Shared equally by husband and wife.
() Prorated according to the child support guideline percentages.
() Other { explain}:
As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.
5._ Life Insurance (to secure payment of support). To secure the child support obligations in this judgment, () Husband () Wife () Each party shall maintain life insurance, in an amount of at least $_, on () his life () her life, naming () minor child(ren) as the beneficiary(ies) OR naming the () Wife () Husband or () other { name} _as Trustee for the minor children), so long as reasonably available. The obligation to maintain the life insurance shall continue until the youngest child turns 18, becomes emancipated, marries, joins the armed services, dies, or becomes self-supporting.
6._ IRS Income Tax Exemption(s). The assignment of any tax exemption(s) for the child(ren) shall be as follows:_
Each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.
7.Other provisions relating to child support: _
SECTION VI. METHOD OF PAYMENT
Obligor shall pay court-ordered child support/alimony and arrears, if any, as follows:
1. Place of Payment.
a. _Obligor shall pay court-ordered support directly to either the State Disbursement Unit, or the central depository, as required by statute, along with any fee required by statute.
b. _ Both parties have requested and the court finds that it is in the best interests of the child(ren) that support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply, pursuant to section 61.13(l)(d)3, Florida Statutes, to require payment through either the *361 State Disbursement Unit or the central depository.
2.Income Deduction.
a. _Immediate. Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obli-gor’s income. Until support payments are deducted from Obligor’s paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.
b. _ Deferred. Income deduction is ordered this day, but it shall not be effective until a delinquency of $-, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is not in'the best interests of the child(ren) because: {explain}
AND
There is proof of timely payment of a previously ordered obligation without an Income Deduction Order in cases of modification,
AND
() There is an agreement by the Obli-gor to advise the Title IV-D agency, the clerk of court, and the Obligee of any change in Payor and/or health insurance OR
() there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.
3. Bonus/one-time payments. () All () -% () No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrear-age or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment_
SECTION VII. ATTORNEY’S FEES, COSTS, AND SUIT MONEY
1. -() Husband’s () Wife’s requests) for attorney’s fees, costs, and suit money is (are) denied because
OR
2. _The Court finds there is á need for and an ability to pay attorney’s fees, costs, and suit money. () Husband () Wife is hereby ordered to pay to the other spouse $_in attorney’s fees, and $_ in costs. The Court further finds that the attorney’s fees awarded are based on the reasonable rate of $_per hour and_reasonable hours. Other provisions relating to attorney’s fees, costs, and suit money are as follows:
*362 SECTION VIII. OTHER PROVISIONS
1. Former Name. The wife’s former name of { full legal name}-is restored.
2. Other Provisions-
3.The Court reserves jurisdiction to modify and enforce this Final Judgment. DONE AND ORDERED at _, Florida, on_
CIRCUIT JUDGE
A copy of this Final Order was { Choose one only} () mailed () faxed and mailed () hand-delivered to the parties listed below on { date}_ by {clerk of the court or designee}
_ Husband (or his attorney)
_ Wife (or her attorney)
_ Central Depository
_ State Disbursement Unit
_ Other_
IN THE CIRCUIT COURT OF THE JUDICIAL CIRCUIT,_
IN AND FOR _ COUNTY, FLORIDA
Case No.: _
Division: _
In re the Marriage of:
Husband,
and
Wife.
FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
This cause came before this Court for a trial on a Petition for Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:
1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Dissolution of Marriage.
3. The marriage between the parties is irretrievably broken. Therefore, the marriage between the parties is dissolved, and the parties are restored to the status of being single.
SECTION I. MARITAL ASSETS AND LIABILITIES
A. Date of Valuation of Property. The assets and liabilities listed below are divided as indicated. The date of valuation of these assets and liabilities is, unless otherwise indicated:
1. _date of filing petition for dissolution of marriage_
2. _ date of separa-tion_
3. _ date of final hearing—
4. _ other: { specify date}
B. Division of Assets.
1. The assets listed below are non-marital assets. Each party shall keep, as his or her own, the assets found to be nonmarital, and the other party shall have no further rights or responsibilities regarding these assets.
*363 [[Image here]]
2. The assets listed below are marital assets. Each party shall keep, as his or her own, the assets awarded in this section, and the other party shall have no further rights or responsibilities regarding these assets. Any personal item(s) not listed below are awarded to the party currently in possession or control of the item(s).
[[Image here]]
*364 [[Image here]]
C. Division of Liabilities/Debts.
1. The liabilities listed below are nonmarital liabilities and, therefore, are owed as indicated. Each party shall owe, as his or her own, the liabilities found to be nonmarital, and the other party shall have no responsibilities regarding these debts.
[[Image here]]
2. The liabilities listed below are marital liabilities and are divided as indicated. Each party shall hold the other party harmless and pay, as his or her own, the marital liabilities awarded below.
[[Image here]]
*365 [[Image here]]
D. Contingent assets and liabilities will be divided as follows:_
E. The distribution of assets and liabilities in this final judgment is equitable; if each party does not receive approximately one-half, the distribution is based on the following facts and reasoning:
[[Image here]]
F. Beneficiary Designation (By completing this section, the beneficiary designations continue after entry of Final Judgment of Dissolution of Marriage.) The designation providing for the payment or transfer at death of an interest in the assets described below to or for the benefit of the deceased’s party’s former spouse is NOT VOID as of the date of entry of the Final Judgment of Dissolution of Marriage.
The Final Judgment of Dissolution of Marriage shall provide that the designations set forth below remain in full force and effect.
_ 1. The _ Husband _ Wife shall acquire or maintain the following assets for the benefit of the other spouse or child(ren) to be paid upon his/her death outright or in trust. This provision only applies if other assets fulfilling such requirement for the benefit of the other spouse or child(ren) do not exist upon his/her death and unless pre- *366 eluded by statute. {Describe the assets with specificity}-
_ 2. The _ Husband - Wife shall not unilaterally terminate or modify the ownership of the following assets, or their disposition upon his/her death. { Describe the assets with specificity} —
SECTION II. EXCLUSIVE USE AND POSSESSION OF HOME
[Indicate all that apply ]
1. _ The _ Husband _ Wife, as a condition of support, shall have exclusive use and possession of the dwelling located at the following address: _until: { date or event}_
2. _ The _ Husband _ Wife may make visits to the premises described in the paragraph above for the purpose of obtaining any items awarded in this Final Judgment. These visits shall occur after notice to the person granted exclusive use and possession of the dwelling and at the earliest convenience of both parties or as ordered in paragraph 4 below.
3. _Upon the termination of the right of exclusive use and possession, the dwelling shall be sold and the net proceeds divided_% to Husband and_% to Wife, with the following credits and/or setoffs being allowed:
4._Other:
SECTION III. ALIMONY
1. _ The Court denies the requests) for alimony.
OR
2. _The Court finds that there is an actual need for, and that_ Husband _Wife (hereinafter Obligor) has/ had the present ability to pay, alimony as follows: {Indicate all that apply}
a. _Permanent Periodic.
1. The Court finds that no other form of alimony is fair and reasonable under the circumstances of the parties.
2. As a marriage of: { Choose only one}
_ Long Duration (17 years or greater) alimony is appropriate upon consideration of all relevant factors;
_ Moderate Duration (greater than 7 years but less than 17) alimony is appropriate based upon clear and convincing evidence after consideration of all relevant factors; or
_ Short Duration (less than 7 years) alimony is appropriate based upon the following exceptional circumstances:_
3.Obligor shall pay permanent periodic alimony to Obligee in the amount of $_per month, payable () in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month or () other {explain}: _ beginning { date}_ This alimony shall continue until modified by court order, the death of either party, or remarriage of Obligee, *367 whichever occurs first. The alimony may be modified or terminated based upon either a substantial change in circumstances or the existence of a supportive relationship in accordance with section 61.14, Florida Statutes.
b. _ Bridge-the-Gap. Obligor shall pay bridge-the-gap alimony to Obli-gee in the amount of $_ per month, payable () in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month or () other { explain} _beginning { date} _ and continuing until { date} _ { a period not to exceed two years}, the death of either party, or remarriage of the Obligee, whichever occurs first. c. _ Rehabilitative. Obligor shall pay rehabilitative alimony to Obligee in the amount of $_per month, payable () in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month or () other {explain}_ beginning {date}_ This rehabilitative alimony shall continue until modified by court order, the death of either party, or until {date/ event} _ whichever occurs first. The rehabilitative plan presented demonstrated the following:_ d. _ Durational. Obligor shall pay durational alimony to Obligee in the amount of
$_ per month () payable in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month or () {explain} _ beginning { date} _ and terminating on {date} _, the death of either party, remarriage of Obligee, or until modified by court order in accordance with section 61.08(7), Florida Statutes, whichever occurs first.
e. -Lump Sum. Obligor shall pay lump sum alimony to Obligee in the amount of $_, which shall be paid as follows:_
f. -Retroactive. Obligor shall pay retroactive alimony in the amount of $_ for the period of {date} -, through {date} _, which shall be paid pursuant to paragraph 4 below.
3. Reasons for () Awarding () Denying Alimony. The Court has considered all of the following in awarding/denying alimony:
a. The standard of living established during the marriage;
b. The duration of the marriage;
c. The age and the physical and emotional condition of each party;
d. The financial resources of each party, including, the nonmarital and the marital assets and liabilities distributed to each;
e. The earning capacities, educational levels, vocational skills, and employability of the parties and, when applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment;
f. The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party;
g. The tax treatment and consequences to both parties of any alimony award, including the designation of all or a portion of the payment as a nontaxable, nondeductible payment;
h. All sources of income available to either party, including income available *368 to either party through investments of any asset held by the party; and
i. Any other factor necessary to do equity and justice between the parties: {explain}_
_Please indicate here if additional pages are attached.
4. Arrearage/Retroactive Alimony.
a. _There is no alimony arrearage at the time of this Final Judgment.
OR
b. _ The _ Husband _ Wife shall pay to the other party the alimony arrearage of:
$_ for retroactive alimony, as of {date}_
$_for previously ordered unpaid alimony, as of {date}_
The total of $_ in alimony ar-rearage shall be repaid in the amount of $per month, payable () in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month () other {explain} _, beginning {date}_, until paid in full including statutory interest.
5. _ Life Insurance (to secure payment of support). To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of at least $_ and shall remain in effect until the obligation for alimony terminates.
6._Other provisions relating to alimony, including any tax treatment and consequences:
a. The award of alimony () does not () does leave the Obligor with significantly less net income than the net income of the recipient/Obligee. If yes, the court finds the following exceptional circumstances: _ b. Other:
SECTION IY. METHOD OF PAYMENT
Obligor shall pay court-ordered alimony and arrears, if any, as follows:
1. Place of Payment.
a. _ Obligor shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.
b. _ Both parties have requested and the court finds that support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply, pursuant to section 61.13(l)(d)3, Florida Statutes, to require payments through either the State Disbursement Unit or the central depository.
2. Income Deduction.
a. _ Immediate. Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order, which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor’s income. *369 Until support payments are deducted from Obligor’s paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.
b. _Deferred. Income Deduction is ordered this day, but it shall not be effective until a delinquency of $_, or, if not specified, an amount equal to one month’s obligation occurs. Income deduction is not being implemented immediately based on the following findings:
There are no minor or dependent ehild(ren) common to the parties,
AND
There is proof of timely payment of a previously ordered obligation without an Income Deduction Order in cases of modification,
AND
() There is an agreement by the Obli-gor to advise the Title IV-D agency, the clerk of court, and the Obligee of any change in Payor and/or health insurance OR
() there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.
3. Bonus/one-time payments. () All () % () No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.
4. Other provisions relating to method of payment_
SECTION V. ATTORNEY’S FEES, COSTS, AND SUIT MONEY
1.-() Husband’s () Wife’s requests) for attorney’s fees, costs, and suit money is (are) denied be-cause_
OR
2.- The Court finds there is a need for and an ability to pay attorney’s fees, costs, and suit money. () Husband () Wife is hereby ordered to pay to the other spouse $_in attorney’s fees, and $in costs. The Court further finds that the attorney’s fees awarded are based on the reasonable rate of $_per hour and reasonable hours. Other provisions relating to attorney’s fees, costs, and suit money are as follows:
SECTION VI. OTHER PROVISIONS
1. Former Name. The wife’s former name of {full legal name} _is restored.
2. Other Provisions.
[[Image here]]
3.The Court reserves jurisdiction to modify and enforce this Final Judgment. DONE AND ORDERED on _ in_, Florida.
CIRCUIT JUDGE
A copy of this Final Order was {Choose one only} () mailed () faxed and mailed () *370 hand-delivered to the parties listed below on {date}_by {clerk of court or designee}-
_ Husband (or his attorney)
Wife (or her attorney) Central depository State Disbursement Unit Other: _

. Other minor and editorial amendments are also made to the forms.

. All comments must be filed with the Court on or before October 28, 2013, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re: Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a non-lawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-delivér the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.